UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DANNY L. COLLIER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CV-00147-TAV-JEM |
| | ) | |
| SULLIVAN COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] and the pro se Complaint for Violation of Civil Rights ("Complaint") [Doc. 1]. For the reasons more fully stated below, the undersigned **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 2**]. Plaintiff shall be allowed to file the Complaint without prepayment of costs. The undersigned **RECOMMENDS**, however, that the District Judge **DISMISS** the Complaint [Doc. 1] in its entirety.

### I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), with the required detailing of his financial condition, and his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2) [Docs. 2 & 5]. Plaintiff attests that he is not able to afford the filing fee, and his Certificate shows that his average balance in his inmate account for the last six months was $57.49. The Application and Certificate demonstrate that Plaintiff has little income

and few assets and is unable to prepay such fees. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 2**].

Because Plaintiff is an inmate in the Sullivan County Jail, however, he is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Court also **DIRECTS** the Clerk to forward a copy of this order to the Court's financial deputy. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING OF COMPLAINT

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*,

179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff utilized the form complaint for civil rights violations pursuant to 42 U.S.C. § 1983 [Doc. 2]. Plaintiff names the following Defendants: (1) Sullivan County Sheriff's Department; (2) Sullivan County Sheriff Jeff Cassidy, (3) Police Chief David Quillen, (4) Kingsport Police Department, (5) Captain Rice, (6) Jonesborough Tennessee Police Department, (7) Inspector Joe Jaynes, and (8) Johnson City Police Department [*Id.* at 3]. Plaintiff alleges that multiple employees of different law enforcement departments committed crimes against him in violation of his Seventh and Fourteenth Amendment rights [*Id.*]. Plaintiff states that David Davis, an employee of the Sullivan County Police Department, stole over $2,000 in equipment; Emily Spencer, an employee of the Kingsport Police Department, forged a check of over $1,000; Lori Starnes, an employee of the Jonesborough Police Department, filed a false police report against Plaintiff; and Linda Colley, an employee of the Johnson City Police Department, also filed a false police report against Plaintiff [*Id.* at 4].

Plaintiff alleges that after these crimes were committed, he filed police reports with the Sullivan County Police Department and the Kingsport Police Department that contained "an

3

abundance of evidence" to support his allegations [*Id.*]. Plaintiff claims that each of these departments and the district attorney's offices refused to file charges and that such refusal has caused Plaintiff damages [*Id.*]. Plaintiff seeks $100,000 in punitive damages and $100,000 in compensatory damages from each Defendant [*Id.* at 5].

On May 2, 2022, Plaintiff moved to amend his Complaint [Doc. 6] to add three Defendants; however, the Defendants that he seeks to add (i.e., Kingsport Police Department Detective Division, Inspector Joe Jaynes, and Captain Matt Rice) are already named in his Complaint. Then, on June 30, Plaintiff moved to amend his complaint [Doc. 8] to add twenty-four Defendants: (1) Sullivan County Sheriff Jeff Cassidy, (2) Sullivan County Sheriff's Office Nursing Director Christy Frazier, (3) Sullivan County Sheriff's Office Nurse Taylor, (4) Sullivan County Sheriff's Office Chief Lee Carlswell, (5) Sullivan County Sheriff's Detective John Doe, (6) Sullivan County Sheriff's Office Lieutenant Khaun, (7) Sullivan County Sheriff's Office Corporal White, (8) Sullivan County Sheriff's Office Corporal Baird, (9) Sullivan County Sheriff's Office Officer Multer, (10) Sullivan County Sheriff's Office Officer Graybeel, (11) Sullivan County Mayor Richard Venable, (12) all Sullivan County Commissioners, (13) Sullivan County Sheriff's Detective John Doe personally, (14) Kingsport Police Chief Dale Phillips, (15) Kingsport Mayor Pat Shul, (16) Kingsport City Manager Chris McCartt, (17) all Kingsport Aldermen, (18) Kingsport Detective John Doe, (19) Kingsport Detective John Doe personally, (20) Jonesborough Police Chief Dan Street, (21) Jonesborough Detective Matt Rice, (22) Jonesborough Detective Matt Rice personally, (23) Jonesborough Mayor John Doe, and (24) all Jonesborough Aldermen. Sheriff Jeff Cassidy and Captain Matt Rice, however, are already named in the Complaint [Doc. 1]. On July 1, Plaintiff again moved to amend [Doc. 9] to add

Sullivan County Sheriff's Office Lieutenant Micheal [sic] Cole as a defendant. Additionally, in both the June 30 and July 1 motions [Docs. 8 & 9], Plaintiff seeks appointment of counsel.

Plaintiff names four individuals—Sheriff Jeff Cassidy, Captain Matt Rice, Police Chief David Quillen, and Inspector Joe Jaynes—as Defendants in the initial Complaint, but he has not specified whether he is suing them in their individual or official capacities. Either way, his claims against them lack merit.

"Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Plaintiff has not set forth any facts alleging unconstitutional behavior by these individuals, and therefore, the Court recommends that Plaintiff's claims against Sheriff Jeff Cassidy, Captain Matt Rice, Police Chief David Quillen, and Inspector Joe Jaynes in their individual capacity be dismissed. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) (explaining that plaintiff must allege the personal involvement of each defendant in the events giving rise to the claims under § 1983).

If Plaintiff intends to name these Defendants in their official capacities, then his claims against them also fail. An individual sued in his/her official capacity is equivalent to suing the entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Under § 1983, a municipality can only be liable for its own actions, meaning it cannot be liable under a theory of respondeat superior. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* Plaintiff has not identified a government

5

policy or custom that has caused him injury. The Court therefore recommends that any claims against Sheriff Jeff Cassidy, Captain Matt Rice, Police Chief David Quillen, and Inspector Joe Jaynes in their official capacities be dismissed.

Plaintiff has also sued the Sullivan County Sheriff's Department, Kingsport Police Department, Jonesborough Police Department, and Johnson City Police Department [Doc. 1 p. 3]. Police departments are not considered "'person[s]' subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983." *Tinsley v. Henderson Cnty. Det. Ctr.*, No. 4:16CV-P27-JHM, 2016 WL 4626257, at *3 (W.D. Ky. Sept. 1, 2016). The Court will therefore construe Plaintiff's claims as against the respective counties and cities of each police department listed in the Complaint. *Id.* (construing the claims against the jail as claims against the county for purposes of the initial screening process). Plaintiff, however, has not alleged an official governmental policy or custom that has caused him injury, and therefore, for the same reasons as above, these claims also lack merit.

The Court also finds that the motions to amend [Docs. 8 & 9] do not change the undersigned's recommendation because Plaintiff's claims against the additional Defendants suffer from the same deficiencies as explained above. The Court has considered allowing Plaintiff to amend his Complaint but declines to do so given that any amendments would be futile. In total, Plaintiff has filed three motions to amend, and none of them have cured the deficiencies nor provided any additional information to support Plaintiff's claims.

Further, with respect to Plaintiff's requests for the appointment of counsel [Docs. 8 & 9], the Court finds that Plaintiff has not established the sort of exceptional circumstances that would warrant the appointment of counsel. *Brubaker v. Barrett*, 801 F. Supp. 2d 743, 763 (E.D. Tenn. 2011). For a requesting party to be appointed counsel in a civil case, the requesting party must

6

first show that he has no financial means to afford an attorney. *Id*. The appointment of counsel in civil cases is not a constitutional right, but instead "a privilege that is justified only by exceptional circumstances." *Id*. (quoting *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)). When determining whether exceptional circumstances exist, the Court will generally evaluate the "complexity of the factual and legal issue involved." *Id*. (quoting *Lavado*, 992 F.2d at 606). While Plaintiff may not have the financial means to afford an attorney, Plaintiff fails to establish the factual or legal complexity of his claims that would support a finding of exceptional circumstances. *See Haney v. Tiller*, No. 3:20-CV-268, 2020 WL 6384729, *1 (E.D. Tenn. Oct. 30, 2020) (declining to appoint counsel because plaintiff did not explain why she was unable to proceed without representation). Thus, the Court finds that Plaintiff's circumstances do not necessitate the appointment of counsel.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 2**]. Because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00 as provided above. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[1] because the undersigned

---

[1] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

7

**RECOMMENDS**[2] that the Complaint be **DISMISSED** in its entirety given that Plaintiff's claims fail to state an arguable basis in law and fact.

Respectfully submitted,

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).